**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ANTHONY BLACKBURN, | Case No.: 1:13-cv-00054 - JLT |
| Plaintiff, | ORDER DENYING MOTION FOR RECONSIDERATION |
| v. | |
| STURGEON SERVICES INTERNATIONAL, INC., and ADRIANN ROSALES, | (Doc. 43) |
| Defendants. | |

In this litigation, Plaintiff claims he was fired unlawfully by Defendant, Sturgeon, and raises claims under the Family Medical Leave Act, the Fair Employment and Housing Act and raises common law claims related thereto. Part of Plaintiff's claims asserted Sturgeon should be held liable because he was injured while working two jobs after having been fired by Sturgeon.

On January 21, 2014, the Court granted Sturgeon's motion for summary adjudication and determined Sturgeon was not the cause of Plaintiff's injuries and that Sturgeon could not be held liable for lost wages during Plaintiff's period of disability arising from his injury. (Doc. 41) About a month later, on February 19, 2014, Plaintiff filed a motion for reconsideration which is currently before the Court. For the reasons set forth, the motion is **DENIED**.

**I.   Plaintiff's motion for reconsideration fails to comply with Local Rule 230(j)**

Local Rule 230(j) provides,

> Whenever any motion has been granted or denied in whole or in part, and a subsequent motion for reconsideration is made upon the same or any alleged different set of facts,

1

counsel shall present to the Judge or Magistrate Judge to whom such subsequent motion is made an affidavit or brief, as appropriate, setting forth the material facts and circumstances surrounding each motion for which reconsideration is sought, including:

(1) when and to what Judge or Magistrate Judge the prior motion was made;

(2) what ruling, decision, or order was made thereon;

(3) what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion; and

(4) why the facts or circumstances were not shown at the time of the prior motion.

Despite this, Plaintiff relies upon the catchall provision of Fed. R. Civ. P. 60(b) as the legal authority for his motion for reconsideration. In doing so, without explanation or analysis, he seeks to sidestep the requirements of Local Rules 230. (Doc. 46-1 at 2) Except for announcing that he is not required to make this demonstration in his moving papers, he fails to address this topic at all and does not mention Local Rule 230(j).

Then, *in his reply*, he argues that the legal authority *upon which he relied in the underlying motion—Villacorta v. Cemex Cement Inc.*, 221 Cal.App.4th 1425, 1428-1429 (2013)—caused him to need to present additional facts but that his counsel failed to do so at that time because, "Plaintiff did not have the opportunity to conduct a full investigation and analysis of the appropriate facts to include on such short notice." (Doc. 46 at 12) What further investigation occurred, why it could not have been done at the time of the supplemental briefing or what further facts needed to be developed because of the reliance upon *Villacorta*, is not explained.

The Court finds this explanation to be lacking in credibility. First, *Villacorta* was published six days before the supplemental brief was filed which is sufficient time to address the little it added to the existing body of jurisprudence. Second, in the supplemental brief, Plaintiff provided a section entitled, "Facts Pertinent to Supplemental Briefing" without any indication that these facts were somehow deficient. (Doc. 38 at 2) Third, there is no explanation for why counsel failed to seek additional time, if it was needed before filing the supplemental brief.[1] Fourth, Plaintiff fails to set forth which of the new evidence provided with his motion for reconsideration he relies upon to address the holding of

---

[1] Indeed, given the supplemental brief was filed without leave of the Court and was filed in addition to his opposition—and filed ten days later—it is unknown exactly what deadline he felt he had to meet.

*Villacorta*. Indeed, review of Plaintiff's newly filed declaration makes clear that he does not add any fact that is pertinent to the *Villacorta* analysis that was not already set forth in his earlier declaration.[2] At most he clarifies that at the time he was fired by Sturgeon, he worked locally only. (Doc. 43-1 at 4) However, the fact that he was forced to work out of the area for Pivox was established in his earlier declaration (Doc. 37-2 at 7, 9) and was argued in his supplemental brief. (Doc. 38 at 4)

Likewise, despite Plaintiff's implied characterization of *Villacorta*—as changing the legal landscape for those wrongfully fired—courts have long-held that wages earned from an inferior position may not be used in mitigation. *Rabago–Alvarez v. Dart Industries, Inc.*, 55 Cal.App.3d 91, 99 (1976); *California Sch. Employees Assn. v. Pers. Comm'n*, 30 Cal.App.3d 241, 253 (1973) (replacement job in the same locale not inferior). Notably, CACI 2407 (version 2007) sets forth the factors upon which a jury may rely in determining whether the replacement job is inferior. In fact, the trial court in *Villacorta* used CACI 2407 to instruct the jury. Likewise, CACI 2603 defines "comparable job" as it relates to CFRA violations as "a job that is the same or close to the employee's former job in responsibilities, duties, pay, benefits, working conditions, and schedule. **It must be at the same or a nearby worksite**." Emphasis added. This instruction was added by the Judicial Council in September 2003.

Thus, the new declaration fails to address the *Villacorta* case in any substantive manner and clearly is an attempt to introduce evidence that was known to Plaintiff at the time he filed his opposition and supplemental briefs without compliance with Local Rule 230. Therefore, the motion for reconsideration is **DENIED**.

---

[2] Indeed, much of the new declaration contradicts that which Plaintiff swore was true in his earlier declaration and is inconsistent with statements made by counsel at the hearing. For example, at the hearing, the Court inquired, "On this day, what were his job duties?" Counsel responded, "Generally getting supplies, sweeping the job site, keeping it clean, maybe putting up fencing, digging ditches, manual labor." (Doc. 42 at 26) Plaintiff's earlier declaration was consistent; "my job duties were pretty straight up manual labor, even though I was hired as an operator." (Doc. 37-2 at 7) Despite this, in his current declaration Plaintiff attests that he slipped on the wet plastic *only* because he was forced to walk on it because he was acting as an equipment operator. (Doc. 43-1 at 2, 3) Likewise, though Plaintiff attested earlier that he questioned his foreman by saying, "Are you really going to expect *everyone* to walk around on this wet plastic and not get hurt?" (Doc. 37-2 at 8), now he attests that *only those* who were operating equipment on the day had to walk on the plastic. (Doc. 43-1 at 7) Clearly, his new declaration is an attempt to re-design the "facts" such to demonstrate that his injury was directly related to his work duties. It has not escaped the Court's notice that this is the *exact* type of fall the Court described in an example at the hearing that could give rise to damages. Plaintiff fails to explain these inconsistencies or why this evidence was not presented in opposition to the motion for summary judgment. Thus, the Court concludes that this new declaration is a sham and refuses to consider it. *Messick v. Horizon Indus. Inc.*, 62 F.3d 1227, 1231 (9th Cir.1995); L.R. 230(j).

**ORDER**

Based upon the foregoing, the Court **ORDERS**:

1. Plaintiff's motion for reconsideration (Doc. 43) is **DENIED.**

IT IS SO ORDERED.

Dated:     **March 27, 2014**                                  /s/ Jennifer L. Thurston
                                                          UNITED STATES MAGISTRATE JUDGE